**UNITED STATES ex rel. ULLAH v. SHAUGHNESSY, District Director, Immigration and Naturalization Service, et al.**

United States District Court
S. D. New York.
Nov. 25, 1949.

Max Rosenberg, New York City, for relator.

Irving H. Saypol, United States Attorney, New York City (Harold J. Raby, New York City, of counsel), for respondents.

IRVING R. KAUFMAN, District Judge.

Relator seeks to stay an order of deportation. The petition seeking the stay is made by relator's attorney. Several grounds are urged by the petitioner for the sustaining of the writ. These grounds are:

(1) That neither relator nor his present counsel has been afforded opportunity to fully examine all of the records relative to the relator;

(2) That while it is the usual practice for the Immigration Service to lend a copy of its findings in deportation cases to the alien or his attorney, this has not been done in the instant case;

(3) That relator has attempted to obtain relief as a displaced person, which right has been refused by the Board of Immigration Appeals and the Commissioner of Immigration and Naturalization;

(4) That it is dangerous for relator to be deported at this time due to the unrest in East Pakistan;

(5) That the hearings were illegal and not in accordance with the hearings of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq.;

(6) That if relator is given more time he may obtain discretionary relief.

During the course of the argument upon this writ, counsel for relator candidly admitted that he found nothing in particular which indicated that the relator had not received a fair hearing upon his warrant of deportation. Mention was made during the course of the argument that relator was not represented by counsel at the hearing. However, counsel at the argument frankly admitted that relator was examined by an Immigration Inspector in the presence of an interpreter and was advised that he had the right to have an attorney present, which right he refused.

■ This Court has examined the minutes of the hearing conducted on July 13, 1949 in the deportation proceeding, and has come to the conclusion that a fair hearing was afforded to the relator. The relator was advised of his right of counsel (p. 2); had the presence of an interpreter (p. 1); stated that he would not be subject to persecution on racial, religious or political grounds if he returned to his native country (p. 10); indeed, the relator took exception to the proposed findings of fact and conclusions of law and proposed order in his case and the proceeding was reviewed by the Board of Immigration Appeals which Board by order dated September 29, 1949

dismissed the appeal from the decision of the Commissioner ordering deportation.

The position of the relator upon this proceeding may be summed up in this fashion: Relator asks this Court to exercise its discretion and stay deportation despite the fact that the record indicates that relator was afforded all the hearings which the statute and the regulations prescribe, which hearings appear to be manifestly fair. The unfairness which the relator seeks to complain of in the petition of his attorney seems to resolve itself into the fact that the relator wishes to remain in this country so that if a Displaced Persons Act is passed, which would afford him relief, he could be here to take advantage of it. Specifically with respect to each of the objections urged by relator, as enumerated above:

(1) It appears from the entire petition that relator was fully cognizant of the grounds of his deportation and the record at the hearing bears this out.

(2) Counsel was given a copy of the hearing testimony prior to the argument upon this writ. An examination of that testimony does not show the basis for any inference that the hearings were unfair.

 (3) The application of the relator for relief as a displaced person in no way affects the fairness of the deportation proceeding; under Section 4 of the Displaced Persons Act, 50 U.S.C.A.Appendix § 1953, to be eligible for consideration one must have legally entered the United States prior to April 1, 1948. The petition on its face shows illegal entry after the aforementioned date.

 (4) This is a plea for asylum. This Court is most sympathetic to those seeking asylum in this country from oppression elsewhere. However, all the relevant authorities point to the fact that recognition can not be given to the concept of asylum without more appearing in the record. In re Kurth, D.C.S.D.Cal. 1939, 28 F.Supp. 258, appeal dismissed Kurth v. Carr, 9 Cir., 1939, 106 F.2d 1003; United States ex rel. Von Kleczkowski v.

Watkins, D.C.S.D.N.Y.1947, 71 F.Supp. 429.

Furthermore, the positive statement of the relator upon the hearing that no persecution would result to him must be considered (p. 10).

 The entire case, viewed objectively, resolves itself into a plea for the exercise of judicial discretion in order that relator may spend more time in this country in the hope that eventually laws will be enacted by our Congress which will afford him relief. To exercise discretion in such a case would create havoc and set a dangerous precedent. If this were to be considered as a ground for allowing the writ, it would have to be recognized that there are throughout the length and breadth of the United States many similarly situated cases pending deportation. Possessed of the eternal optimism that some day, somehow, legislation will be enacted which will afford them relief, very few aliens would then be found to be deportable.

The writ and the petition upon which said writ is based are dismissed and the relator is remanded to the custody of the respondents.